HAWTHORNE, Justice.
• Defendant, Edward (W. T.) Honeycutt, charged in a bill of indictment with the crime of aggravated rape, tried, convicted, and sentenced to death, has appealed to this court. For reversal of the conviction and sentence he relies on six bills of exception. We find merit in Bill of Exception No. 3, which was reserved to a ruling of the court admitting in evidence a written confession made by the accused.
The indictment charges that the crime was committed on December 1, 1948, and the record discloses that the accused was arrested on the same day and was incarcerated in the parish jail at about 6:30 p. m. The confession was made by the accused to a deputy sheriff in the presence of three other individuals in the radio room of the sheriff’s office about 7:00 o’clock in the morning of December 2. In laying the foundation for the admission of the confession, the State offered evidence and proved by all parties present at the time the confession was given that at that time no promises were made and the accused was not threatened or harmed in any way. Counsel for defendant concede this to be true, and the defendant himself admitted it in his testimony relating to the admissibility of the confession. If the evidence of what occurred in the sheriff’s office was all that we had before us, there would be no question that the confession was admissible.
The defendant, however, was called to the witness stand after the State had shown the facts and circumstances surrounding the giving of the confession in the sheriff’s office at 7:00 o’clock in the morning, and he testified that on the afternoon of his arrest, and at the time he was placed in the parish jail by several officers, an attempt was made to have him confess; that at this time in an effort to obtain a confession the deputy sheriff to whom he gave the confession on the following morning beat and whipped him, and threatened to hand him over to the people of the community where the rape had been committed; that he confessed because he was afraid that he would be whipped again, and that he was again told on the morning of December 2, prior to being taken down to the sheriff’s office, that, if he did not tell the truth, he would be taken back to the community where the rape occurred. In reply to a question on cross-examination as to whether he had been whipped into giving the confession in the sheriff's office, he stated: *613 “No, I had already been whipped. If I had got down there and told them that I wasn’t —if I had tried to change, I was scared they would whip me again. I just repeated it over again.” In other words, the accused testified that he confessed on the night of his arrest because of physical mistreatment and threats, and that this confession was simply reduced to writing in the sheriff’s office the next morning.
The sole question before us is whether the evidence adduced by the State is sufficient to prove that this confession was freely and voluntarily made, or whether the State has discharged the burden of proving the admissibilty of the confession.
The testimony introduced by the State •discloses that at about 6:30 on the night of December 1 the sheriff of a neighboring parish, accompanied by one of his deputies, by Troopers Dunbar and Lafleur, and by Deputy Sheriff Bourque of St. Landry Parish, brought the accused to the parish seat of St. Landry Parish and turned him over to the deputy sheriff to whom the written confession was given on the -following morning. All of these officers went into the jail with the prisoner and the deputy into whose custody he had been given, and remained with them for about 20 or 30 minutes. According to the testimony of the accused, it was at this time that he was whipped and threatened. At the end of this interview, the deputy sheriff who had charge of the prisoner and all the other officers left the jail together. The deputy sheriff, according to his own testimony, did not again see or talk to the prisoner until the following morning, when he went to escort him to the sheriff’s office for the purpose of obtaining the confession.
The evidence of the State shows conclusively that all of these other officers were present at the time the defendant .states he was whipped and threatened by the deputy sheriff, and the State actually summoned Troopers Dunbar and Lafleur, Deputy Bourque, and the deputy from the neighboring parish, who was present during the trial and testified in the case on the merits. Nevertheless, not one of these officers was called to rebut the accused’s testimony or to corroborate that of the deputy sheriff, who had testified, when called as a witness by the State in laying the foundation for the admission of the confession, that the accused was not threatened or harmed in any way on the evening of his arrest. .
The Bill of Rights found in our Constitution provides that no person under arrest shall be subjected to any treatment designed by effect on body or mind to.compel confession of crime, and that no confession shall be used against any person accused of crime unless freely and voluntarily made. La.Const. of 1921, Art. 1, Sec. 11. The rights guaranteed by these provisions of the Constitution of our state are of paramount importance to an accused to insure th^t he has a fair and impartial trial, and our oath of office compels us to enforce these provisions.
*615 The provisions guaranteeing these rights are reiterated in Articles 451 and 452 of the Code of Criminal Procedure, which provide that, before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises, and that no person under arrest shall be subjected to any treatment designed by effect on body or mind to compel a confession of crime. Moreover, in the Criminal Code the securing of a confession by any officer by threats, violence, or any means of inhuman treatment is made a crime and punished by fine and imprisonment. La.Criminal Code of 1942, Art. 40.
Under these provisions of our law, for a confession to be admissible in evidence against an accused in any criminal case, the burden of proof is on the State to show that such confession was freely and voluntarily given and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. In numerous cases this court has gone so far as to hold that, before what purports to be a confession can be introduced in evidence, it must be shown, not only affirmatively but by proof beyond a reasonable doubt, that it was free and voluntary. See State v. Henry, 196 La. 217, 198 So. 910; State v. Graffam, 202 La. 869, 13 So.2d 249; State v. Ellis, 207 La. 812, 22 So.2d 181; State v. Ross, 212 La. 405, 31 So.2d 842; State v. Wilson, 214 La. 317, 37 So.2d 804. It is not necessary, however, for us to go so far as to apply that rule here because in this case the State has not even sustained the burden of showing affirmatively that the confession was freely and voluntarily given.
The only evidence offered by the State relating to the interview at the time when the defendant says he was mistreated and threatened is the testimony of the deputy sheriff who the defendant says mistreated and threatened him. Under the facts and circumstances of this case, we think it was incumbent upon the State to call other witnesses to corroborate the testimony of the deputy who took the confession and to rebut defendant’s own testimony with reference to his mistreatment. The State could have called for this purpose some or all of the five other officers who were with the deputy and the prisoner on the night of December 1. What was said in State v. Robinson, 215 La. 974, 41 So.2d 848, 854 (on rehearing), is pertinent here, that is:
“ * * * We think that after the accused testified in detail about the mistreatment he received and the inducements offered him at the time he confessed, the jailer should have been recalled and reexamined with respect to the particulars testified to by the accused in order that the trial judge might have been afforded a better opportunity to weigh and decide this very important issue.”
*617 We think that, after the accused here had testified as to the mistreatment he received and the threats made against him in ■order to induce him to confess, the five •officers pres'ent at the time, or any of them available, should have been called and examined with respect to the particulars to which the accused had testified, in order that the trial judge might have been afforded a better opportunity to weigh and decide the very important issue of whether the confession was freely and voluntarily .given.
The trial judge permitted the confession to be introduced in evidence because he concluded, according to his per curiam, that the testimony of the accused was unworthy of belief. The admission of the confession in evidence against the accused, for this reason only, deprived him of the protection guaranteed to him by the Constitution and laws of this state and denied to him a fair and impartial trial, since other witnesses were available to testify concerning the matter. The burden was on the State to show affirmatively that the confession was free and voluntary.
In the instant case, we are not called upon to decide whether the confession was obtained by means of threats or physical mistreatment as contended by the accused, and as to this we express no opinion ; but we do conclude that there was not sufficient proof on the part of the State of its voluntary character for its admission under the constitutional and statutory provisions, since there was no testimony on the part of the various officers who were present in the jail with the deputy sheriff and the prisoner on the night of his arrest to rebut his specific charges of threats and mistreatment.
For the reasons .assigned, the conviction and sentence are reversed and set aside, and the case is ordered remanded for a new trial.
PONDER, J., dissents.