328 So.2d 149 (1976)
STATE of Louisiana
v.
Michael T. SIMMONS.
No. 56967.
Supreme Court of Louisiana.
February 23, 1976.
*150 Charles R. Chesnutt, III, Thomas L. Smith, Law Offices of Charles R. Chesnutt, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant appeals his conviction of armed robbery resulting from an offense which occurred July 26, 1974. He raised five assignments of error; we find merit in Assignment No. 2.
In Assignment of Error No. 2 defendant complains of the erroneous admission into evidence of an inculpatory statement taken from him by the police, which defendant contends was the result of physical abuse prior to interrogation.
At the trial of the motion to suppress the confession, the State called Officer Villar, who testified that he was one of the officers investigating the case. Villar testified concerning the details surrounding obtaining the statement from defendant. He denied that any force or mistreatment had been used in the course of the interrogation.
The State rested after Villar testified. Defendant called one witness, then took the stand himself and testified that he was beaten by officers for about an hour, and that the statement was coerced. Defense counsel informed the court that three to four days after the confession he visited defendant in parish prison, and that defendant complained that the confession had been obtained by force. Defendant's lawyer noticed that defendant had a small bruise on his leg and that "his lip was swollen."
On rebuttal, the State called Officer Hurban, who confirmed the testimony of Villar.
No other witnesses were called.
Villar and Hurban testified that they picked the defendant up at Central Lockup about 7:10 p.m. on July 30, 1974, and brought him to the detective bureau, where defendant was placed in a holding cell a couple of doors from the interrogation room. Five or six policemen were around, having participated in the investigation. For some time three officers questioned defendant's accomplice, during which time"one of the officers would go check to see if he (defendant) needed anything while he was waiting in the cell before we took the statement." Villar and Hurban denied any coercion or abuse, and did not "see anybody do anything." The holding cell was locked by Villar. There was no testimony about the possession of a key to the room by any other person, either in the motion to suppress or on the trial on the merits.
At the close of the motion to suppress, defendant argued that the State had not borne its burden of proof. It was his contention that because there were officers who did not testify but who were present during the time defendant claims he was beaten, and because the adduced testimony showed there were times defendant was alone with these officers, the State had failed to sustain its burden of proof.
*151 In ruling on the motion to suppress, the trial judge stated to defense counsel:"They're all available. They're all out there. There are more officers who haven't been called that are available, if you want to call them. They're here . . . If you want to put them on the stand. I suggest you put them on. You have the same subpoena powers as the State."Defense counsel then pointed out to the court that he did not have the power to discover the identity of the other officers, and that the burden was on the State to prove the validity of the confession.
The law governing the admissibility of confessions is clear:
"Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises." R.S. 15:451.
"No person under arrest shall be subjected to any treatment designed by effect on body or mind to compel a confession of crime." R.S. 15:452.
"A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers." R.S. 15:453.
"On the trial of a motion to suppress filed under the provisions of this article the burden of proof is on the defendant to prove the grounds of his motion, except that the state shall have the burden of proving that a purported written confession or written inculpatory statement was made freely and voluntarily and was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises."C.Cr.P. 703(C).
"No person shall be compelled to give evidence against himself in a criminal case or in any proceeding that may subject him to criminal prosecution, except as otherwise provided in this Constitution. No person under arrest shall be subjected to any treatment designed by effect on body or mind to compel confession of crime; nor shall any confession be used against any person accused of crime unless freely and voluntarily made." La.Const. art. I, § 11 (1921).
Before a confession may be admitted into evidence, the State has the burden of proving affirmatively and beyond a reasonable doubt that it was made freely and voluntarily, not through coercion. See State v. Peters, 315 So.2d 678 (La.1975), and cases cited therein. Furthermore, though the decision of the trial judge on the question whether a confession is free and voluntary is entitled to great weight, a reviewing court cannot avoid its responsibility to examine the record to be certain that the State has fully borne its heavy burden of proof. State v. Peters, supra.
In Peters we made it clear that the State could not merely ignore testimony by the defendant and thereby sustain its burden of proof; we also made it clear that "general allegations by the officers present that no force was used in eliciting the purported confession are insufficient to satisfy the certainty demanded by the law that a confession is free and voluntary before a man's own words may be used against him."
Nor does State v. Sims, 310 So.2d 587 (La.1975), apply. In Sims we held that:
". . . In this case the officers specifically testified on direct examination that there was no force or violence used against the defendant when the confession was obtained. Although this evidence was not introduced in rebuttal of the defendant's testimony, it is in direct conflict with the defendant's version of the incident. It would be superfluous to require the officers to take the stand to repeat what they testified to in the *152 State's affirmative showing. . . ."310 So.2d 587, 589.
In Sims, unlike the case before us, the State had introduced evidence that was in direct conflict with defendant's allegations.
Also, in Sims v. Georgia, 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967), the United States Supreme Court, in a case strikingly similar to the one before us, held that the state had not sustained its constitutionally imposed burden of proving that defendant's confession was voluntary.
Sims testified that he was abused by the physician who examined him. The doctor admitted he saw defendant on the floor of his office and that he had a laceration over his eye. The doctor denied defendant had been abused in his presence, but he was unable to say whether state patrolmen had committed the alleged offenses against defendant. The state did not call the patrolmen to the stand. The court found that:
". . . The State had every opportunity to offer the police officers,. . . to contradict petitioner's version of the events. Its failure to do so. . . lends support to the conclusion that their testimony would not, in fact, have rebutted petitioner's." 389 U.S. 404, 406, 88 S.Ct. 523, 525, 19 L.Ed.2d 634.
Because Sims was an illiterate with a third grade education whose mental capacity was decidedly limited and who had been in custody eight hours without access to family, friends, counsel or food, the court found that the state's reliance on proper warnings made to petitioner prior to his confession was misplaced.
The defendant before us is an illiterate whose mental capacity is decidedly limited. He testified that he was kicked and beaten. His attorney revealed defendant had a swollen lip and a bruised leg. The State's witnesses testified they saw no physical abuse applied to defendant. Officer Villar testified he locked defendant in a cell at the detective bureau. No testimony was adduced as to whether the key to the cell was available to the other officers who defendant claims beat him. Nor were these officers called to testify. Hence, defendant's testimony that the other officers beat him is uncontradicted.
On December 2, 1974, two days before the hearing on the motion to suppress in the instant case, we handed down, on rehearing, State v. Monroe, 305 So.2d 902. There, the State had failed to call witnesses to contradict testimony of abuse by the accused. We there stated:
"In view of the burden on the state in such circumstances to prove affirmatively beyond a reasonable doubt the voluntary nature of the confession, the state is required to rebut specific testimony introduced on behalf of the defendant concerning factual circumstances which indicates coercive measures or intimidation; it cannot simply rely on general testimony of officers not present that they witnessed no coercion, intimidation, or other undue influence. State v. Simien, 248 La. 323, 178 So.2d 266 (1965); State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950); State v. Robinson, 215 La. 974, 41 So.2d 848 (1949). In the absence of such rebuttal testimony, as the cited decisions hold, the state has not borne its burden of proof, and the appellate court must reverse.
"In the present case, the testimony by the accused and by other of his witnesses shows coercive treatment outside of the presence of the officers who testified. No effort was made to rebut this testimony. Under the decisions noted, we must hold that the state did not bear its burden of proving beyond a reasonable doubt the free and (voluntary) nature of the written and oral confessions. . . ."305 So.2d 902, 912-913.
*153 We find, therefore, that the State has not borne its burden of proving the confession free and voluntary, and that Assignment of Error No. 2 has merit.
However, we have reviewed the other assignments of error and find them free of error. The record does not support Assignment of Error No. 1, in which defendant argues he lacked the mental capacity to waive his constitutional rights and make a voluntary confession.
Assignment of Error No. 3 complained that copies, not originals, of the"waiver of rights form" and the confession were introduced. One was a xerox copy and the other a carbon copy. The absence of the originals was explained and the copies were adequately identified as authentic reproductions.
Assignment of Error No. 4 complains of the manner in which the confession was reduced to writing. The objection goes merely to the weight to be given the evidence. Nor is the statement, if otherwise admissible, to be excluded because the interrogation of an illiterate accused is reduced to typewritten material by the interrogating officer.
Argument is made under Assignment of Error No. 5 that "fifty percent of the people serving on the jury venire were not women." The assignment is based on a contention in the motion for new trial. No prior attack on the composition of the jury had been made. See C.Cr.P. 532 and 535. At any rate, Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), relied on by defendant herein, does not apply retroactively to juries empanelled prior to January 27, 1975, the date of the Taylor decision. Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975); State v. Zeno, 322 So.2d 136 (La.1975); State v. King, 322 So.2d 205 (La.1975).
Since we find no trial error except that on the motion to suppress, it is not necessary at this time to reverse the conviction and order a new trial, because the error might be eliminated upon another trial of the motion to suppress. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), where, in a habeas proceeding complaining of a state conviction, the applicant was afforded a hearing before a state judge to determine the admissibility of a confession. As in Jackson v. Denno, supra, we reserve to the trial judge the power to grant a new trial should he determine the confession inadmissible (a matter on the merits of which we express no opinion). If, on the other hand, the trial judge determines, after a hearing on the motion to suppress, that the confession is admissible, the right to appeal from such ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.
The case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.
SANDERS, C.J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I find no abuse of discretion by the trial judge in concluding that the confession was free and voluntary. I also question the propriety of the procedure employed by the majority in the remand of this case to the trial court.