336 So.2d 844 (1976)
STATE of Louisiana, Appellee,
v.
James Edward CARSON, Appellant.
No. 57437.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
*845 Bernard E. Burk, Clyde D. Merritt, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F.
*846 Connick, Dist. Atty., Louise Korns, Lawrence J. Centola, Jr., Asst. Dist. Attys., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of murder, La.R.S. 14:30 (1950), and sentenced to life imprisonment. The most serious of the ten assignments of error made are presented by assignments 1, 2, and 4.
Assignment of Error No. 1
By this assignment, the defendant contends that the state did not meet its burden of proof that his confession was given voluntarily and without coercion.
Before introducing an accused's confession in evidence, the state must affirmatively show beyond a reasonable doubt that it was made freely and voluntarily and without coercion or inducement. La.R.S. 15:451, 452; La.C.Cr.P. art. 703(C); State v. Simmons, 328 So.2d 149 (La.1976); State v. Peters, 315 So.2d 678 (La.1975); State v. Monroe, 305 So.2d 902 (La.1974); State v. Simien, 248 La. 323, 178 So.2d 266 (1965); State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950). As these decisions hold, the decision of the trial judge on the issue is entitled to great weight, but this reviewing court nevertheless cannot avoid its responsibility to examine the record to be certain that the state has fully borne its heavy burden of proving that the confession is free and voluntary.
In the present instance, the accused was interrogated between twelve midnight and six a.m. before his confession was reduced to writing. About an hour of this time was taken by three to five polygraph tests, and another hour and one-half by detectives (just who surfaces as an issue) taking the defendant out of the detective bureau over to the scene of the crime.
Officers Heath, Maunoir, and Hamilton (a polygraph expert) testified, as did Ex-officer Z. (who took the confession but was no longer with the force). Officer Z.'s partner, Officer Laper, was present that day (but not necessarily at the interrogation), although not called to testify. Officer Maunoir's partner in the investigation was shown as Officer Cooper on a form executed at the start of the interrogation (S-1); but the trial court sustained state objection to the defense effort to ascertain whether he was present that day, or whether he served as Officer Heath's partner. See Tr. 39-40, hearing on motion to suppress.
The police officers testified generally as to the voluntariness of the confession and the lack of coercion. Officers Heath and Z. testified that they had taken the defendant from the detective bureau to look for evidence, but they were not questioned nor did they testify as to a coercive incident claimed by defendant's subsequent testimony to have occurred during this absence from the detective bureau. It is also fair to state that, not unnaturally, the testimony of the police officers is somewhat imprecise as to just what officers were present during all parts of the interrogation and as to the circumstances of what part, if any, the regular partners of the testifying officers took in the investigation. (Some of the interrogation forms, for instance, indicated that Officer Cooper (Officer Maunoir's partner) took part, see S-1 and pp. 14-15, although he did not testify.)
The defendant testified that, after the polygraph tests indicated the truthfulness of his denials of guilt, he was taken by Officer Z. and Officer "Tomlin" out by the levee (near the scene of the crime), where Officer Z. left one bullet in his pistol and told him he (the accused) was going to play Russian roulette with the gun if he didn't sign the statement, threatening him *847 with the pistol several times. The accused also testified that he was beaten.[1]
When as here the defendant has testified to a specific incident of coercion, the state may not rely simply upon its prior general testimony of voluntariness; but instead, to satisfy its heavy burden of proof, is required to rebut the particulars disclosed for the first time by the defense testimony. State v. Simmons, 328 So.2d 149 (La.1976); State v. Peters, 315 So.2d 678 (La.1975); State v. Monroe, 305 So.2d 902 (La.1974); State v. Simien, 248 La. 323, 178 So.2d 266 (1965); State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950); State v. Robinson, 215 La. 974, 41 So.2d 848 (1949).
This is especially so where the evidence reasonably indicates that, in addition to these testifying, other investigating officers may have participated in the events, such as, here, Officers Laper and Cooper. For instance, the accused testified that an Officer "Tomlin" (who was not Officer Heath) was present with Officer Z. at the time of the coercive incident on the levee; although, when earlier asked, a police witness did not recognize the name of "Tomlin," the evidence indicates that Officer Laper (Officer Z.'s normal partner) was present that day[2], as was Officer Cooper (the normal partner of another investigating policeman, whom the record indicates took part in investigative events in connection with the interrogation).
We note, too, the admission by Officer Z. that the accused was not booked upon his arrest, as required by department regulation, but instead was interrogated for six hours and not booked until after he had confessed.
In view of the cited jurisprudenceand also considering the unusual length of the interrogation, as well as the indications that at least some of the polygraph tests were favorable to the accused before he was taken from the detective bureau out to the scene of the crime (which was close to the levee), only after which trip he confessed, we find that, to meet its burden, the state was required to recall its witnesses who had relevant knowledge, or to call others, to negate the inference of coercion arising from the defendant's specific testimony concerning particular coercive incidents. Under these circumstances, the state could not, under the jurisprudence, rely upon general testimony of voluntariness introduced as part of its predicate prior to the defendant's testimony of coercion.
We find, therefore, that Assignment of Error No. 1 has merit.
Assignment of Error No. 2
By this assignment, the defendant contends that the trial court erred in permitting the defendant's confession to be introduced before a homicide was proved. He thus relies upon the jurisprudential rule that, before an accused's confession may be introduced into evidence, the state must first prove the corpus delictii.e., that the crime has been committedby evidence which the jury may reasonably accept as establishing that fact beyond a reasonable doubt. State v. Brown, 236 La. 562, 108 So.2d 233 (1959); State v. Morgan, 157 La. 962, 103 So. 278 (1925).
Before attempting to introduce the confession, the state proved:
The decedent was found lying on her back, bleeding heavily from a cut on her *848 neck, her face covered with blood, breathing irregularly and heavily. She was sent to the hospital by emergency ambulance, where she died four days later. The coroner's autopsy showed that the cause of death was a softening of the brain caused by bleeding. The medical records introduced indicate that surgery was necessitated by stab wound of the neck.
This evidence, we believe, adequately establishes a homicidei.e., that the decedent died as a result of a stab wound in her neck. We therefore do not find merit in this assignment.
Assignment of Error No. 4
By this assignment, the defendant contends that the trial court erred in refusing to permit him to rebut (before the jury) the state's predicate of voluntariness, in advance of permitting introduction of the confession into evidence by the state.
The trial court sustained a state objection. It held that, since the confession had been held admissible by the decision of a pre-trial motion[3], the defendant's testimony as to its involuntariness went to its weight (not its admissibility) and therefore should preferably be heard as part of the defendant's case on the merits (i.e., after the close of the state's case, rather than contemporaneously with the introduction of the confession during the state's case).
As we pointed out in State v. Whatley, La., 320 So.2d 123, 127-28 (1975), reasons of practical efficiency and fairness may often point to having the jury hear defense evidence going to the weight of the confession contemporaneously with the state's predicate laying the foundation to introduce it into evidence. See authorities and reasons therein cited. Nevertheless, a majority of this court has concluded that to permit this procedure, State v. Whatley, cited above, cf. also State v. Brumley, La., 320 So.2d 129, 130-131 (1975), or to refuse it, State v. McCauley, La., 272 So.2d 335, 341-43, (1973), lies within the sound discretion of the trial court in the regulation of the production of evidence required as a foundation for the admissibility of other evidence. La.C.Cr.P. arts. 3, 773.
In the present case, we find no abuse of discretion.
Conclusion
The other assignments of error (which present no constitutional issue) do not merit reversal nor require discussion. They are clearly governed by statute or prior jurisprudence, involve evidentiary or argument rulings within the discretion of the trial court, or else are determined by our rulings with regard to assignments 1, 2, and 4, above discussed.
Since we find no trial error except that on the motion to suppress, it is not necessary at this time to reverse the conviction and order a new trial, because the error might be eliminated upon another trial of the motion to suppress. See State v. Simmons, 328 So.2d 149 (La.1976). As in Simmons, we reserve to the trial judge the power to grant a new trial should he determine the confession inadmissible (a matter on the merits of which we express no opinion). If, on the other hand, the trial judge determines, after a hearing on the motion to suppress, that the confession is admissible, the right to appeal from such ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.
*849 The case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.
CASE REMANDED, WITH INSTRUCTIONS TO DECIDE MOTION TO SUPPRESS AND EITHER LET CONVICTION STAND OR ELSE GRANT A NEW TRIAL.
SUMMERS, J., dissents.
NOTES
[1] At the trial on the merits, the attorney retained by the defendant's mother returned from Mississippi to testify that he saw the accused five days after his arrest and found his face swollen, with several gashes on his forehead. The attorney did not, however, testify at the pre-trial motion to suppress the testimony.
[2] At the trial on the merits, the evidence indicates Officer Z. and his partner Laper were assigned to investigate this homicide. Tr. 42.
[3] Upon a pre-trial motion to suppress it, the trial court had initially decided that the confession was admissible as voluntary, after hearing both state and defense evidence as to the issue. See La.C.Cr.P. art. 703(B). By this same code article, however, when the ruling on the motion to suppress is adverse to the defendant, the state is again required, prior to introduction of the confession at the trial, to introduce evidence as to the circumstances surrounding the confession as a predicate to introducing it "for the purpose of enabling the jury to determine the weight to be given to it."