340 So.2d 1357 (1976)
STATE of Louisiana
v.
Michael T. SIMMONS.
No. 58241.
Supreme Court of Louisiana.
December 13, 1976.
*1358 Charles R. Chesnutt, III, Law Offices of Charles R. Chesnutt, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Michael T. Simmons was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, he was found guilty as charged and sentenced to serve thirty years at hard labor. Defendant appealed to this court for reversal of his conviction and sentence relying on five assignments of error. In Assignment of Error No. 2, defendant contended that the trial judge erred in denying his motion to suppress a written confession and in admitting it in evidence against him at trial. He argued that the state had not borne its burden of affirmatively proving that the confession was freely and voluntarily made. At the suppression hearing, defendant alleged that his confession was obtained through physical abuse inflicted on him by police officers both enroute to the detective bureau and while he was awaiting interrogation in a holding cell. Defendant's attorney stated that, when he visited defendant four days later in parish prison, defendant had a swollen lip and bruised leg. The state adduced testimony contradicting defendant's claims of physical abuse only from the two officers who took defendant's statement at the interrogation room. Other officers involved in the handling of defendant just prior to his confession were not called to testify. Nor did the state introduce evidence as to whether the key to the holding cell was available to the other officers who defendant claimed beat him. After reviewing the testimony adduced at the suppression hearing, we held that the state had not sustained its burden of proving defendant's confession free and voluntary in that the state had failed to call witnesses to contradict testimony of abuse by the defendant. State v. Simmons, 328 So.2d 149 (La.1976).
Finding no merit in defendant's other assignments of error, we declined to reverse the conviction. Instead, we remanded the case to the district court for a second hearing on the motion to suppress, reserving defendant's right to appeal in the event the confession was ruled free and voluntary on remand. After a second suppression hearing, the trial judge ruled the confession admissible. From this judgment, defendant now appeals relying on two assignments of error.

*1359 ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in ruling, after a second suppression hearing, that his confession was freely and voluntarily given.
The testimony at the hearing on remand reflects in essence the following facts. Officers Steven Furst and Larry Leslie picked up the defendant at central lockup at about 7:10 p. m. on July 30, 1974 and escorted him to the nearby detective bureau where he was locked in a holding cell while his accomplice was being questioned. Five or six policemen who had participated in the investigation were in this area. Officer Villar testified that he locked defendant in the holding cell as soon as defendant reached the detective bureau and that he was the only officer in possession of a key to the cell. He stated that defendant was removed from the holding cell and brought to an interrogation room a few doors away at about 8:40 p. m. There, defendant was read his Miranda rights from a Department of Police Rights Form which he thereafter signed, acknowledging his understanding of these rights, in the presence of Officers Villar and Hurban. Officer Villar then asked defendant a series of questions concerning the armed robbery under investigation, recording on a typewriter the questions and defendant's answers thereto as each answer was completed. This process took approximately one half hour, at the conclusion of which defendant examined the statement, presumably read it, and then signed it. Officer Villar clearly maintained that at no time was defendant threatened, beaten, or promised anything in order to induce the confession.
Defendant testified that during the short trip from central lockup to the detective bureau, he was kicked, beaten and hit over the head with a flashlight in an elevator. He further claimed that, while he was confined in the holding cell for approximately one hour, five or six policemen entered the cell periodically, singly or in pairs, and beat, kicked and punched him. Defendant alleged that, after he was taken to the interrogation room, his Miranda rights were never read to him and that Officers Villar and Hurban held his hand and forced him to sign a confession that they had already prepared. On cross-examination, defendant, at the request of the state, identified five police officers as the ones he claimed to have physically abused him: Officers Merlin Villar, Steven Furst, George Hurban, Charles Vicknair and Wayne Tamborella.
Each of these officers were called to testify for the state on rebuttal. Without exception, they swore that neither they nor anyone in their presence had beaten, kicked, punched or hit the defendant over the head with a flashlight. Moreover, all of the officers confirmed Officer Villar's previous testimony that he alone possessed a key to the holding cell in which defendant was confined awaiting interrogation. The officers all stated that there was no opportunity for anyone else to enter the cell and abuse the defendant. Officer Steven Furst specifically testified that he stood guard outside the holding cell throughout the time that defendant was confined therein and that no one entered the cell, although he periodically checked on defendant by peering through the glass on the cell door and others came "in" and out of the hallway to do likewise.
Before a written confession can be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451; La.Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453. We have held that, when the defendant testifies to a specific incident of coercion, the state may not rely simply upon general testimony of voluntariness, but instead, to satisfy its heavy burden of proof, is required to offer evidence to contradict the particular testimony tending to show *1360 that a confession was not freely and voluntarily made. State v. Carson, 336 So.2d 844 (La.1976); State v. Simmons, 328 So.2d 149 (La.1976); State v. Peters, 315 So.2d 678 (La.1975); State v. Monroe, 305 So.2d 902 (La.1974); State v. Simien, 248 La. 323, 178 So.2d 266 (1965); State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950). We have recognized, however, that the admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence. State v. Hollingsworth, 337 So.2d 461 (La. 1976); State v. Sims, 310 So.2d 587 (La. 1975); State v. Monroe, 305 So.2d 902 (La. 1974).
Our review of the record convinces us that the state satisfied its burden of affirmatively proving that the written confession was freely and voluntarily made after defendant had been fully advised of his Miranda rights. Consequently, the trial judge correctly denied the motion to suppress and admitted the confession in evidence.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in refusing to allow him to recall Officer Merlin Villar to the stand at the conclusion of the suppression hearing for the purpose of questioning him as to when or whether defendant had announced that he desired to make a statement.
Officer Villar had already been extensively cross-examined by defense counsel during his direct and rebuttal testimony for the state. Defendant had ample opportunity on those occasions to propound the question he now complains he was prevented from asking.
Moreover, we note that however the witness might have responded to this question, it would not have affected the outcome of the suppression hearing. In order that a confession be properly admissible in evidence, it need only be given freely and voluntarily after the accused is duly advised of his Miranda rights. There is no requirement of a preliminary verbal announcement by the person making the statement that he in fact desires to do so. Accordingly, under these circumstances, we do not find that the trial judge abused his discretion in refusing to allow defendant to recall Officer Merlin Villar. There is no merit to this assignment of error.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.