354 So.2d 186 (1977)
STATE of Louisiana
v.
Emmitt HILLS.
No. 59828.
Supreme Court of Louisiana.
December 19, 1977.
Dissenting Opinion January 30, 1978.
*187 Vincent Wilkins, Jr., Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph Roy, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Emmitt Hills, was convicted of aggravated rape, La.R.S. 14:42, and sentenced *188 to life imprisonment pursuant to a jury verdict of guilty without capital punishment.
On appeal defendant relies upon nine assignments of error.
On January 13, 1972, at about 10:30 p. m., the victim and her husband were accosted on the front porch of their home by defendant, who was then sixteen years old. Defendant, who was armed with a pistol, robbed the couple and locked the husband in the trunk of their car. He then forced the victim to drive to several locations in Baton Rouge and raped her three times. After the defendant left the automobile, the victim freed her husband, and reported the incident to the police. The defendant was arrested shortly thereafter as a result of a physical description of the assailant broadcast over police radio.

ASSIGNMENTS OF ERROR NOS. 9 and 11
These assignments essentially present issues of credibility of witnesses.
Defendant was arrested at approximately 11:45 p. m. on January 13, 1972 by two Baton Rouge policemen. He was taken to police headquarters where pubic hair samples were taken and where he was identified by the victim in a line-up. During interrogation, the defendant orally inculpated himself in the commission of the rape and directed the officers to the location of the pistol used in the offense. At about 8:30 a. m. on January 14, 1972, defendant was again interrogated and driven to various locations relating to other crimes; at 3:30 p. m. and 5:40 p. m. that day, he confessed to crimes other than the charged offense.
On appeal, defendant contends that the oral inculpatory statement which led to the gun and the later signed confessions to other crimes were not freely and voluntarily given. Defendant asserts that he was not timely given Miranda warnings, that his confessions were induced by being struck, by threats of being beaten and shot, by the deprivation of food and sleep for fifteen hours, and by the denial of an opportunity to confer with his parents.
At the hearing on defendant's motion to suppress, the State bore the burden of proving beyond a reasonable doubt the free and voluntary nature of the inculpatory statements made by the defendant. La.C.Cr.P. art. 703(C); La.R.S. 15:451; State v. Glover, 343 So.2d 118 (La.1977). In the instant case, a review of the record establishes convincingly that defendant was advised of his rights and signed a written waiver form. Although the police officers' testimony was unclear as to some details relating to the time the Miranda warning was given in relation to discovery of the pistol, there was adequate definite testimony from which the trial judge could conclude that it occurred before any inculpatory information was obtained from the defendant. The defendant's testimony does not controvert the State's version because he denied giving any statement relating to the location of the pistol or the crime in the instant case. He did acknowledge his signature on the waiver form and his testimony indicates that he signed it before the line-up. Further, defendant admitted that he knew that if he wanted an attorney present the State had to furnish one before questioning him.
Except for the fact that the defendant was sixteen years old at the time of his arrest, there is nothing in the record which tends to support his argument that his will was overborne by a denial of parental counsel. Most significant, we feel, is the fact that defendant never requested that he be allowed to consult with his parents. Although the United States Supreme Court has indicated that interrogations of juveniles should be closely scrutinized to determine the issue of voluntariness,[1] an examination of the entire record before us on appeal reveals that no violence was done to *189 the constitutional rights of this juvenile defendant because of his isolation from his parents. Emmitt Hills was apparently of at least average intelligence, having progressed satisfactorily to the eleventh grade at the time of his arrest. Moreover, the defendant was not naive in the ways of law enforcement officers; the record indicates that he was somewhat "street-wise," having previously served time in a state juvenile facility. Because of the youth of the defendant, we have carefully scrutinized the record to determine if his parents were denied access to him at a crucial time or if he was deprived of his free will by his isolation from them and we are unable to say that his rights were violated in either respect.
The defendant's allegations as to coercion by force, threats and physical deprivation were adequately rebutted by the State's evidence except for one incident. Although the State did not recall its witnesses to refute the defense evidence point by point, as is highly desirable in such cases, the direct examination of its witnesses answered sufficiently all but one of the defendant's uncorroborated assertions of police misconduct.
The testimony of the police officers was that the defendant had been interrogated intermittently from the time of his arrest at 11:45 p. m. until 6:00 p. m. the next day, but that he had been allowed to rest and sleep between question periods in a bunk at the headquarters. One such "rest period" was from 6:00 a. m. to 8:30 a. m., when the defendant was allowed to sleep undisturbed. During the second day of his incarceration, defendant was taken to the scene of other crimes, questioned, and statements were taken from him that afternoon at 3:30 and 5:40 p. m. Although the testimony of the prosecution witnesses was not uniform in recollection of detail it adequately supported factual determinations that defendant had not been unduly deprived of food, drink, or rest, and that he had not been molested on all but one occasion.
According to defendant, soon after he arrived at police headquarters, a group of detectives began talking about shooting him in the foot and head and throwing him in the river. Defendant said they told him a detective named Gill shot another boy and threw him in the river. Defendant testified that when he returned from the line-up he was struck by officer Gill. Under the version of the facts most favorable to the State the line-up was held immediately before defendant signed the waiver form and made oral inculpatory statements. Officer Gill did not testify, and the threats and the beating incident were not specifically controverted by the testimony of any witness.
In view of the burden on the State in such circumstances to prove affirmatively beyond a reasonable doubt the voluntary nature of the confession, the State is required to rebut specific testimony introduced on behalf of the defendant concerning factual circumstances which indicates coercive measures or intimidation; it cannot simply rely on general testimony of officers not present that they witnessed no coercion, intimidation, or other undue influence. State v. Simmons, 328 So.2d 149, 152 (La.1976); State v. Simien, 248 La. 323, 178 So.2d 266 (1965); State v. Honeycutt, 216 La. 610, 44 So.2d 313 (1950); State v. Robinson, 215 La. 974, 41 So.2d 848 (1949).
We find, therefore, that the State has not borne its burden of proving the confession free and voluntary and that these assignments have merit insofar as they relate to the defendant's specific testimony of threats by unnamed officers and of physical abuse by officer Gill.

ASSIGNMENTS OF ERROR NOS. 21, 22, 25 and 27
Defendant contends that the trial court erred in admitting improper evidence on two occasions by the State on rebuttal; in this regard, he alleges error on the part of the court in failing to grant a mistrial or to allow reopening of the defendant's case in chief with a continuance to enable him to subpoena witnesses in rebuttal. In its case in chief the State introduced the pistol and *190 evidence of how the defendant had directed the police to it. The prosecution also presented the Prieur-type testimony of the victim of another rape identifying defendant as her assailant. The defense offered alibi evidence as to both the charged crime and the other offense. In rebuttal the State introduced defendant's written confession to the other offense and his oral inculpatory statement in which he directed the police to the gun involved in the charged crime. Defendant argues that this rebuttal evidence should have been part of the State's case in chief and that defendant was denied the opportunity to prove the involuntary nature of the prejudicial statements. Thus, he contends, the trial court committed reversible error.
Defendant contends that the decision of this Court in State v. Turner, 337 So.2d 455 (La.1976), compels the conclusion that the trial court committed reversible error in allowing the State to introduce defendant's inculpatory statements in rebuttal. In Turner, we noted that orderly trial procedure seeks to avoid two types of prejudice by forbidding the State to introduce evidence on rebuttal which properly is part of its case in chief:
"(1) Since in Louisiana `the defendant is without right to rebut the prosecutor's rebuttal', La.R.S. 15:282, the defendant may be prejudiced by the denial to him of an opportunity to defend against new issues; and
"(2) The production of strong prosecution evidence in chief after the defendant rests his case may unfairly emphasize the prosecution's `rebuttal' evidence, contrary to the legislatively intended order of proof, La.C.Cr.P. art. 765(5), designed from ancient experience to assure fairness in our criminal trials.
"The first type of prejudice may often be cured. If the trial court exercises its discretion to permit the state to offer in rebuttal material evidence inadvertently omitted from its case in chief, the prejudice thereby caused may normally be avoided by the trial court's permitting the defendant to introduce additional evidence to defend against the new issue thereby raised. La.C.Cr.P. art. 765(5). See State v. Scott, 320 So.2d 538 (La.1975). Further, the failure of the defendant to request such reopening of the evidence in order to avoid such prejudice may under some circumstances be presumed to indicate that prejudice of this type is not presented for review. State v. Johnson, 141 La. 775, 783, 75 So. 678 (1917); State v. Smith, 120 La. 520, 532, 45 So. 415 (1908).
"The second type of prejudice is sometimes incurable. Whether reversible error has resulted may depend upon the nature of the new evidence offered by the state for the first time in improper rebuttal. Improper rebuttal with regard to a peripheral issue may be regarded as harmless. State v. Major, 318 So.2d 19 (La.1975). To the contrary, however, if the evidence injects an entirely new issue which should have been an important part of the state's case in chief, State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972), or if it unfairly places extreme weight on a part of the state's evidence which should have been introduced in the case in chief, cf. State v. Davis, 246 La. 383, 164 So.2d 589 (1964)." 337 So.2d at 458.
Defendant suffered neither type of prejudice. The State's rebuttal evidence related to issues introduced by its case in chief, against which the defendant had an opportunity to defend. Further, the order of presentation did not "unfairly place extreme weight" on the State's rebuttal evidence. Introduction of the defendant's confession to the prior rape did not inject a new issue but directly controverted an alibi offered by the defense. The testimony regarding the location of the pistol was basically repetitive of evidence offered by the prosecution's case in chief.[2] The elements of surprise and undue advantage which distinguished *191 the situation in Turner are not present here.
Control of evidence presented by the State on rebuttal is within the sound discretion of the trial judge whose ruling "will not be disturbed except in extreme cases, as where the evidence has been kept back deliberately and for the purpose of deceiving and obtaining an undue advantage of defendant." State v. Turner, supra, at 459. Such abuse of discretion is not present in the instant case. Defendant's assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 23
Defendant contends that the trial judge erred in refusing to order a mistrial when a police officer, as a State rebuttal witness, made an unsolicited reference to unrelated crimes allegedly committed by the accused. Defendant contends that a police officer should be considered a "court official" under the provisions of La.C.Cr.P. art. 770, which provides that a mistrial is mandatory when such an official, within the hearing of the jury, refers to other crimes committed by the defendant as to which evidence is not admissible. Alternatively, defendant argues that the trial court abused its discretion in refusing to grant a mistrial under La.C.Cr.P. art. 771, which provides that, when a prejudicial remark is made by anyone within the hearing of the jury, the judge may grant a mistrial if he believes that an admonition to the jury is insufficient.
The testimony to which defendant objected involved prosecution interrogation of a police officer regarding a statement signed by defendant admitting his commission of a prior attempted rape. The following exchange occurred:
"Q. And, of course, you didn't suggest any of thisany of this information [about the attempted rape]?
"[DEFENSE COUNSEL]: We're going
"A. No, sir.
"[DEFENSE COUNSEL]: to object
"A. Uh
"[DEFENSE COUNSEL]: to counsel leading the witness, Your Honor.
"[PROSECUTOR]: Q. Well, did youdid you suggest
"A. This was voluntary on his part. UhWhen we first started questioning him, heuhadmitted to some burglaries."
Defense counsel's motion for a mistrial was denied by the trial court; the trial judge did, however, admonish the jury to disregard the police officer's remarks.
This Court has held that "the unsolicited, unresponsive remark of a [police officer] as to another crime is not the comment of a `court official' which would mandate a mistrial under Article 770 of the Code of Criminal Procedure." State v. Hegwood, 345 So.2d 1179, 1184 (La.1977). See also, State v. Hardy, 344 So.2d 1018 (La.1977); State v. Jones, 332 So.2d 466 (La.1976). Further, we find in the instant case that the trial court's admonition to the jury to disregard the officer's remark was sufficient to cure any prejudice suffered by the defendant. The brief reference to the fact that defendant had committed some burglaries, as a practical matter, did not result in undue prejudice to the defendant, since the State had already introduced evidence of a prior attempted rape, a far more serious offense. We believe that the action of the trial judge in immediately halting the testimony and promptly admonishing the jury was adequate to dispel any substantial prejudice which may have resulted from the remark; therefore, we find that defendant's assignment number 23 is without merit.

ASSIGNMENTS OF ERROR NOS. 29 and 30
Defendant contends that the trial court erred in denying a defense motion to vacate his sentence and in denying a motion to transfer the case to family court. Defendant argues that since the jury returned the verdict of "guilty without capital punishment" that he was not convicted of a capital offense and therefore the district court *192 lacked the jurisdiction to impose a sentence of life imprisonment. Defendant acknowledges that the district court was the proper court within which to try defendant, La.Const. of 1921, Art. 7, §§ 52, 53, but contends that it could not impose the sentence.
In the instant case defendant was tried for aggravated rape, a capital offense at the time of trial. Return of a guilty verdict without capital punishment cannot be viewed as an acquittal on the charge of aggravated rape. Although the death penalty could not be imposed, the offense was still classified as "capital" by the legislature. State v. Tyler, 342 So.2d 574 (La.1977). Therefore, the district court retained jurisdiction for sentencing of the offense, and the instant assignments of error are without merit.
In summary, we find no trial error except for the possible error on the motion to suppress. Therefore, it is not necessary at this time to reverse the conviction and order a new trial, because the possibility of error might be eliminated upon another trial of the motion to suppress. State v. Simmons, 328 So.2d 149 (La.1976); see, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1174, 12 L.Ed.2d 908 (1964). We reserve to the trial judge the power to grant a new trial, should he determine that defendant's inculpatory statements were inadmissible because of the alleged coercion and intimidation by officer Gill and others. If, on the other hand, the trial judge determines, after a hearing on the motion to suppress, that the inculpatory statements and evidence resulting therefrom were admissible, the right to appeal from such ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.
The case is remanded to the district court for further proceedings in accordance with this opinion.
SANDERS, C. J., and MARCUS, J., concur.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
Testimony of Officer Canter and Detective Cupit was in direct conflict with the defendant's claim of ill treatment. So many claims of abuse were put forth by the defendant and repudiated either directly or indirectly, that the incredible claim that the officers talked about shooting defendant in the foot and throwing him in the river, as Detective Gill had done to another boy, was unworthy of a retort. In State v. Simms, 310 So.2d 587 (La.1975), this Court was confronted with such a proposition and met the issue in this way:
"In this case the officers specifically testified on direct examination that there was no force or violence used against the defendant when the confession was obtained. Although this evidence was not introduced in rebuttal of the defendant's testimony, it is in direct conflict with the defendant's version of the incident. It would be superfluous to require the officers to take the stand to repeat what they testified to in the State's affirmative showing." At page 589.
Credibility of the witnesses on the voluntariness issue was involved here and the trial judge properly determined the conflict in testimony against the defendant.
I respectfully dissent from the remand.
NOTES
[1] In Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), a pre-Miranda case, the Court invalidated the conviction of a fifteen-year-old boy who was held incommunicado until a confession was obtained, and who was unaware of his right to remain silent.
[2] We note here that a different issue would be presented if the State had withheld until rebuttal a confession by the defendant to the offense charged, rather than to a collateral offense. See, State v. Scott, 320 So.2d 538 (La.1975).