380 So.2d 607 (1980)
STATE of Louisiana
v.
Wilfred DAVIS and Eddie L. Johnson.
No. 64895.
Supreme Court of Louisiana.
February 15, 1980.
*608 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for defendant-appellant.
Lyall G. Shiell, Jr., New Orleans, for plaintiff-appellee.
STONE, Justice Ad Hoc.
Eddie Lee Johnson appeals from his conviction of attempted armed robbery of a McDonald's Restaurant and the second degree murder of the restaurant's assistant manager. He received concurrent sentences of twenty-five years at hard labor and life imprisonment. On appeal, he raises eight assignments of error, three of which we find to have merit.
Assignments of Error Nos. 2, 3 and 4
Defendant contends that the trial court erred in denying his motion to suppress oral inculpatory statements made to Detective Fricki, and in overruling his objection to the finding that the statements were freely and voluntarily made.
At the hearing on the motion to suppress, Detective Fricki testified to the following sequence of events: he arrested Johnson at a South Robertson Street address and drove with Johnson, Officer Brink and Sergeant Kastner in an unmarked police car for about two hours in an attempt to locate two other suspects, before finally taking him to Central Lockup for booking. According to Detective Fricki, he advised defendant of his rights upon placing him in the police car; thereupon defendant responded to questioning about the offenses with which he was charged, expanding upon his responses *609 in the course of the ensuing two hour ride. Fricki stated that defendant's statements were not obtained through the use of any psychological, physical or emotional force. Although two other officers were present in the police car during this period, according to Fricki's testimony, they were not called by the state to testify at the motion to suppress hearing.
When the defendant took the stand at the hearing, he told a different story. Johnson stated that Detective Fricki was not present when he was arrested at the South Robertson Street address, but instead joined the arresting officers when the police car made a stop at the First District Police Station.[1] By this time, according to the defendant, the arresting officers ("a Sergeant and some more police officers") had already forced him to make a statement by beating him about the face and body and "busting" his gum with a thumbnail; only after he had made all his statements were his rights read to him. Johnson testified that after Fricki joined the other officers in the police car, he repeated his statement to Fricki in order to avoid being beaten again. He also claimed that upon his arrival at Central Lockup, he asked the booking officer to send him to the hospital because of the injuries sustained during his interrogation, but that the officer refused.
Our review of the conflicting testimony presented at this hearing leads us to conclude that the state did not adequately rebut the defendant's testimony on the critical issues of whether Detective Fricki was indeed present during the entire period between Johnson's arrest and booking, and of whether physical force was used during his interrogation. Both the state and the defendant agreed that at least two other police officers accompanied defendant during this two hour period. The testimony of one or both of these officers would have served to contradict defendant's allegation that Fricki was not present during his initial interrogation, and to rebut his testimony that his statements were elicited by the use of physical force.
The law governing the admission of confessions is clear. Before a confession can be admitted, the state must affirmatively show that the confession "was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises." R.S. 15:451. In making this showing, the state must prove voluntariness beyond a reasonable doubt. State v. Peters, 315 So.2d 678 (La.1975). The state's burden of proof is not met by the general testimony of a police officer to the effect that there was no coercion. Particularly where, as in this case, the defendant makes specific *610 charges of coercion and abuse, it is incumbent upon the state to bring forth rebuttal testimony. State v. Simmons, 328 So.2d 149 (La.1976); State v. Monroe, 305 So.2d 902 (La.1974); State v. Simien, 248 La. 323, 178 So.2d 266 (1965). The proper procedure for the state to follow in such a situation was delineated in State v. Honeycutt, 216 La. 610, 616, 44 So.2d 313, 315 (1950):
"... Under the facts and circumstances of this case, we think it was incumbent upon the State to call other witnesses to corroborate the testimony of the deputy who took the confession and to rebut defendant's own testimony with reference to his mistreatment. The State could have called for this purpose some or all of the . . . other officers who were with the deputy and the prisoner. . ."
This the state has failed to do. There is therefore merit to the assignments of error which concern the trial court's finding that the oral inculpatory statement was freely and voluntarily made.
Assignments of Error Nos. 1, 5 through 8
Upon review of defendant's other assignments of error, we find these to be without merit. In assignment # 1, defendant contends that the trial court erred in overruling his motion to suppress the photographic identification made by an eyewitness eleven days after the offense. He claims that the photographic display presented to this eyewitness was unduly suggestive because defendant's photograph was "not similar" to the others. The transcript of the hearing on this motion shows, however, that defendant failed to prove that the identification procedure was suggestive. Even if a showing of suggestiveness had been made, the circumstances under which the eyewitness viewed defendant at the time of the offense precluded any likelihood of misidentification.
In assignment # 5, defendant claims that the trial court erred in its charge to the jury concerning reasonable doubt. It appears, however, that defense counsel waived any objection to this charge when he failed to make a contemporaneous objection and declined to submit any other charges to the court.
Assignment of Error No. 6 is based upon the contention that the trial court failed to charge the jury properly concerning the responsive verdict of attempted simple robbery. Because it appears that no contemporaneous objection was made to this portion of the charge, this matter is not properly before us. We note, however, that the charge defining simple robbery appears to have been adequate.
In Assignment of Error No. 7, defendant contends that the trial court erred in charging the jury that it might accept defendant's inculpatory statements in whole or in part. Because no objection to this portion of the charge appears in the record, this issue was not preserved for review. Additionally, defendant's argument that because R.S. 15:450 requires that a statement be introduced into evidence in its entirety, the jury must accept or reject a statement in its entirety, is without merit.
In Assignment of Error No. 8, defendant urges this court to consider any errors patent on the face of the record and the errors set forth in his motion for a new trial. We find no merit to this assignment.
Because we find that the only trial errors were those concerning the finding that defendant's statements were freely and voluntarily made, it is not necessary that we now reverse his conviction and order a new trial. The state's failure to carry its heavy burden of proof on this issue might be corrected upon a second hearing on the motion to suppress. If the trial court determines, after such a hearing, that the statements are inadmissible, we reserve to it the power to grant a new trial. If, on the other hand, the trial court determines that the statements are admissible, the right to appeal from such a ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed. State v. Stevenson, 374 So.2d 1189 (La.1979); State v. Simmons, supra.
*611 The case is therefore remanded to the district court for further proceedings in accordance with this opinion.
SUMMERS, C. J., dissents from remand. The State has no right to patch up an unsuccessful phase of a prosecution without violating the prohibition against former jeopardy.
BLANCHE, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I dissent from the remand of this case to the trial court for a new hearing on the voluntariness of defendant's conviction. In my view, the record fully supports the trial judge's ruling that the confession was freely and voluntarily made. Accordingly, I respectfully dissent.
NOTES
[1] We note that discrepancies between Detective Fricki's testimony at the motion to suppress hearing and his testimony at trial suggest that he may have contradicted himself on the critical issue of whether the police brought Johnson to the First District Police Station immediately after his arrest. His testimony during the suppression hearing suggests that the police car containing the defendant proceeded directly from the site of the arrest to a suspect's home in Kenner:

"Q. ... The arrest was made where?
A. At 1240 South Robertson Street.
Q. Alright now, you said you deviated ...
A. Right.
Q. What was this deviation?
A. The deviation was that we had the defendant, Eddie Lee Johnson in custody. We went with him after he was uduer (sic) arrest to Kenner, Louisiana, in Jefferson Parish, looking for the address, looking for the house of their other subject ..."
But, during the trial, Fricki said that a stop was made at the police station:
"Q. But you did go to the First District Police Station did you not?
A. We did make a stop there, that is correct.
Q. Where were you going from the sweet shop at the time you stopped off at the First District?
A. To the residence of Wilfred Davis.
Q. And did you pick anyone up at the First District?
A. Not that I recall sir.
Q. Did you bring the defendant inside the First District Police Station?
A. The defendant remained in the police car.
Q. By himself?
A. By himself, yes sir."
This contradiction points up the importance of rebuttal testimony from independent sources when the words of the defendant and the state's only witness are in conflict.