PER CURIAM:
Writ granted. As a general matter, at a hearing on a motion to suppress a statement given while in custody, the state bears the burden of proving the free and voluntary nature of the confession. State v. Hills , 354 So.2d 186, 188 (La. 1977). To meet that burden, the state must show that the defendant knew of his right to remain silent and his right to counsel and *266 that he intelligently waived those rights. La.C.Cr.P. art. 703(D) ; La.R.S. 15:451 ; State v. Seward , 509 So.2d 413, 417 (La. 1987). Whenever a defendant alleges police misconduct in eliciting a confession, the state must rebut these allegations specifically. State v. Davis , 380 So.2d 607, 610 (La. 1980). Additionally, the district judge's conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned unless they are not supported by the evidence. State v. Jackson , 381 So.2d 485, 488 (La. 1980).
Here, no officer testified at the suppression hearing who had any knowledge of whether defendant was given his Miranda warnings or was present when defendant was questioned. Although a detective with pertinent knowledge was subpoenaed by both parties, he was out of state and unable to attend. Therefore, the district court erred in finding the state carried its burden and in denying defendant's motion to suppress. Accordingly, we vacate the district court's ruling and remand with instructions that the district court conduct a new suppression hearing at which, at the minimum, the detective who was previously unavailable can testify.
VACATED AND REMANDED
WEIMER, J., would deny.