# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

STEPHON GARY FIELDINGS

NO. 2023 KW 0468

**MAY 17, 2023**

---

In Re: Stephon Gary Fieldings, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-20-02670.

---

**BEFORE: GUIDRY, C.J., WOLFE AND MILLER, JJ.**

**WRIT DENIED.**

JMG
EW


**Miller, J.,** dissents and would grant the writ application. I find the trial court abused its discretion by granting the defendant's motion to suppress, which was filed on the day of trial. A defendant must allege the grounds on which he claims that evidence should be suppressed in the motion to suppress. **State v. Montejo,** 2006-1807 (La. 5/11/10), 40 So.3d 952, 970. In the instant case, the trial court granted the motion to suppress based on the state's failure to demonstrate the proper **Miranda** warning given. However, in the motion to suppress, the defendant asserted that his statements should be suppressed because he was intoxicated and under the influence of illicit substances affecting his ability to reason and his awareness of the nature of the rights being abandoned and the consequences of the decision to abandon them, but not due to a defect in the **Miranda** warning. Accordingly, I would vacate the trial court ruling and remand this matter to the trial court to reopen the suppression hearing, and consider the grounds raised in the defendant's motion to suppress. See **State v. Scarborough,** 2018-1791 (La. 11/14/18), 256 So.3d 265, 266 ("[W]e vacate the district court's ruling and remand with instructions that the district court conduct a new suppression hearing at which, at the minimum, the detective who was previously unavailable can testify.")


COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT