374 So.2d 1189 (1979)
STATE of Louisiana
v.
Joseph L. STEVENSON.
Nos. 63893, 63894.
Supreme Court of Louisiana.
September 4, 1979.
Adam G. Nunez, Sulphur, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Jr., Dist. Atty., Lake Charles, Terry Johnson, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
*1190 BLANCHE, Justice.
Defendant, Joseph L. Stevenson, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. After trial by a twelve-person jury, defendant was found guilty as charged. He was subsequently charged with and found guilty of being a third felony offender and was sentenced to serve forty-nine and one-half years at hard labor without parole, probation or suspension of sentence.
Defendant assigns fourteen errors as the basis for his appeal before this Court.
In assignments one and ten, defendant contends that the trial court erred in denying his motion to suppress and in allowing to be introduced into evidence a confession made by him on the grounds that the statement was coerced and involuntary.
At the hearing on the motion to suppress, the State called William Morrison and George Mullican two of the Calcasieu Parish Sheriff's Deputies who participated on February 10, 1978, in the questioning of the defendant and who were present when the defendant gave the statement.[1] The statement was taken at the Calcasieu Parish Sheriff's Office in Lake Charles. Both officers testified that the defendant had been advised of his Miranda rights and that, as best they could tell, he understood his rights. Deputy Morrison stated that the Miranda warnings were also printed at the top of the form containing defendant's statement that he signed. Both deputies testified that defendant freely and voluntarily made the statement and that at no time while they were present was the defendant threatened, coerced or promised anything in return for making the statement. Deputy Morrison testified that the only persons present during the questioning and taking of the statement were he, Deputy Mullican and Deputy Fritz. He denied that Sulphur Police Chief Andrus or Deputy Harvey Boyd were present.
The defendant's version was contrary to that of the testifying officers. Stevenson alleged that while he was enroute from DeQuincy to Sulphur, after being picked up on February 9, 1978, by Chief of Police J. J. Andrus of Sulphur and Deputy Boyd in DeQuincy, he was slapped several times by Andrus. He claims Andrus told him that he might never make it to Lake Charles because they were going to stop in Sulphur first. Defendant testified that in Sulphur he was questioned and beaten in an alternating fashion by both Andrus and Boyd. He said he finally told the officers that he would sign anything in order not to be beaten any more. The defendant also testified that while in Sulphur he asked to see an attorney who had represented him on a prior occasion but the officers denied him that right.
The defendant was transferred that evening to the parish jail in Lake Charles. On the following day he was taken to the Calcasieu Parish Sheriff's Office for questioning. Stevenson claimed that he was placed in a room with Officer Boyd, Deputies Mullican and Morrison, Chief Van Winkle and Sergeant Cooper of DeQuincy and another officer. Defendant testified that he was confronted with a money bag and informed that his wife was in the process of disposing of it when the police arrested her. Stevenson said defendant was told that if he did not give a statement his wife would be charged with being an accessory after the fact to armed robbery, that she would have to go to jail and that his child would be put in an orphanage. According to defendant's testimony, the police said they would let her go and only charge him on one robbery if he would sign a statement. He testified that in order to prevent his wife and son from being separated he signed the statement.
Before a confession or inculpatory statement of a defendant may be admitted into evidence at trial, the State must establish that the confession or inculpatory statement was free and voluntary and was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-C.Cr.P. art. 703(C); *1191 LSA-R.S. 15:451; e. g., State v. Herbert, 356 So.2d 991 (La.1978); State v. Adams, 347 So.2d 195 (La.1977). Furthermore, if the statement was obtained during custodial interrogation, the State must show that the accused was advised of his constitutional rights (Miranda). State v. Hutto, 349 So.2d 318 (La.1977); State v. Haynes, 339 So.2d 328 (La.1976). The admissibility of the statement is for the trial judge to determine and his conclusions as to the credibility and weight of the testimony relating to the voluntariness of the statement will not be overturned unless they are unsupported by the evidence. E. g., State v. Simmons, 340 So.2d 1357 (La.1976); State v. Hills, 337 So.2d 1155 (La.1976).
The defendant claims the State did not sufficiently rebut the specific testimony given by the defendant and thus failed to prove beyond a reasonable doubt that the confession was free and voluntary. In State v. Monroe, 305 So.2d 902 (La.1974) (on rehearing), we said:
"In view of the burden on the state in such circumstances to prove affirmatively beyond a reasonable doubt the voluntary nature of the confession, the state is required to rebut specific testimony introduced on behalf of the defendant concerning factual circumstances which indicates coercive measures or intimidation; it cannot simply rely on general testimony of officers not present that they witnessed no coercion, intimidation, or other undue influence. [Citations omitted] In the absence of such rebuttal testimony, as the cited decisions hold, the state has not borne its burden of proof, and the appellate court must reverse." (305 So.2d at 912)
See, also, State v. Bouffanie, 364 So.2d 971 (La.1978); State v. Johnson, 363 So.2d 684 (1978); State v. Hills, 354 So.2d 186 (La. 1977).
The defendant's allegations that the police threatened to charge his wife with accessory after the fact to armed robbery and have his child placed in an orphanage, and his claim that the police agreed to let his wife go and charge him with only one armed robbery if he made a statement were in direct conflict with the testimony of the two officers. Both Morrison and Mullican testified on direct that the defendant was neither threatened nor promised anything as an inducement to make a statement. The weight and credibility to be given the testimony of various witnesses when such testimony is in conflict was within the discretion of the trial judge to determine.
However, the State did not present any testimony to rebut specifically the defendant's claim that on February 9, 1978, Chief Andrus and Deputy Boyd had slapped him, told him he might never reach Lake Charles and later had beaten him. We held in State v. Monroe, supra, and its progeny, that when a defendant makes specific allegations which are highly suggestive of coercive or intimidating police conduct, the State cannot rebut the same by testimony of persons who were not present during the alleged misconduct. Deputies Morrison and Mullican both said they could not testify concerning what, if anything, had occurred to the defendant on February 9, 1978, the day the alleged misconduct occurred.
Since we find no trial error except that on the motion to suppress, it is not necessary at this time to reverse the conviction and order a new trial, because the error might be eliminated upon another trial of the motion to suppress. We reserve to the trial judge the power to grant a new trial should he determine the confession to be inadmissible. If, on the other hand, the trial judge finds, after a hearing on the motion to suppress, that the confession is admissible, the right to appeal from such a ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed, State v. Simmons, 328 So.2d 149 (La.1976).
We find that none of the other assignments contain reversible error, nor do they raise questions not controlled by well established principles of law. We have, therefore, noted our disposition of them in Appendix I attached to this opinion, which remains a public record of this Court but which will not be published in this opinion.
*1192 The case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.
REMANDED.
DENNIS, J., concurs in part and dissents in part and assigns reasons.
DENNIS, Justice, concurring in part and dissenting in part.
I concur in the majority opinion as far as it goes.
There was another remandable issue, however, which the majority treated only in its unpublished appendix. In my opinion the trial judge may have committed reversible error by refusing to subpoena two doctors who allegedly had examined defendant and could testify to his insanity at the time of the offense. This Court should order another hearing on whether the trial judge's refusal to subpoena the witnesses for the defendant was an abuse of discretion and whether it was prejudicial to the defense. This hearing could be conducted at the same time as the retrial of the motion to suppress.
NOTES
[1] Two statements were given, one right after the other, on the afternoon of February 10, 1978. For the purposes of the motion to suppress, we consider them as one statement.