PER CURIAM.
Defendant Joseph Louis Stevenson was charged by bill of information with armed robbery in violation of R.S. 14:64. After trial by jury beginning on November 27, 1978, he was found guilty as charged. The state thereafter filed an information against him under the multiple offender provisions of R.S. 15:529.1. On January 5, 1979, the trial court sentenced him as a third felony offender to fifty (50) years’ imprisonment at hard labor, that sentence to run consecutively with any other he was then serving. Defendant has appealed his conviction and sentence to this Court, relying on fourteen (14) assignments of error.
We have reviewed defendant’s assignments of error and found them without reversible merit. We note, however, that assignments of error number one (1) and eight (8) challenge the introduction at trial of a statement secured from defendant by the authorities on February 10, 1978. In that statement, defendant allegedly confessed to a series of armed robberies, including the one involved here. In State v. Stevenson, 374 So.2d 1189 (La.1979), a related prosecution for armed robbery in which portions of the same confession were introduced, we reviewed the merits of the defense contention that the authorities had used physical coercion, as well as threats against defendant’s family, in order to secure his statement. We agreed with the defense that the state had not carried its burden at the hearing on the motion to suppress when it failed to rebut the specific allegations of physical abuse. We remand *CDXXIV ed the case to the district court for purposes of a new hearing directed to that question.
As this case involves the identical issue raised in State v. Stevenson, we deem the same treatment of it appropriate here. We reserve to the trial judge the power to grant a new trial in the event he determines the confession inadmissible. If he finds after the appropriate hearing that the confession is admissible, we reserve to defendant the right of appeal from such ruling. In the absence of such an appeal, the conviction and sentence here will be affirmed. State v. Simmons, 328 So.2d 149 (La.1976).
The case is therefore remanded to the district court for further proceedings in accord with this opinion.
REMANDED.