390 So.2d 1292 (1980)
STATE of Louisiana
v.
Joseph Louis STEVENSON.
Nos. 67392, 67393.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., Charles W. Richard, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Adam Gabe Nunez, Sulphur, for defendant-appellant.
MARCUS, Justice.
Joseph Louis Stevenson was separately convicted and sentenced for two armed robberies. Separate appeals were taken to this court. In the appeal from his first conviction and sentence, defendant asserted fourteen assignments of error. In two of these, he contended the trial judge erred in denying his motion to suppress his confession grounded on a claim that it was coerced and involuntary and in allowing the confession in evidence. At the suppression hearing, defendant testified that following his arrest, Sulphur Chief of Police T. J. Andrus had slapped him while transporting him *1293 from DeQuincy to Sulphur and had told him that he might never reach Lake Charles because they were stopping in Sulphur first. Defendant stated that at the Sulphur city jail, he was alternately questioned and beaten by Chief Andrus and Calcasieu Parish Deputy Sheriff Harvey Boyd. Defendant further testified that on the following day, after being transported to Lake Charles, fearing further physical abuse and under threat that his wife would be charged with a criminal offense and his child placed in an orphanage, he made two statements confessing five armed robberies. The state failed to present evidence to rebut specifically the claims of physical abuse by defendant.
In State v. Monroe, 305 So.2d 902 (La. 1974) (on rehearing), we held that, in view of the burden of the state to prove affirmatively beyond a reasonable doubt the voluntary nature of the confession, the state is required to rebut specific testimony introduced on behalf of the defendant concerning factual circumstances which indicates coercive measures or intimidation by police. Following Monroe and finding that none of the other assigned errors contained reversible error, we remanded the case to the district court for another suppression hearing to permit the state to meet its burden by specifically rebutting defendant's allegations of physical abuse. State v. Simmons, 328 So.2d 149 (La.1976).[1]
In the appeal from his second conviction and sentence, defendant asserted fourteen assignments of error, two of which challenged the voluntariness of his confession. This was the same confession that had been introduced in his prior trial. The issue raised was identical to that raised in his prior appeal; therefore, finding no merit to the other assignments of error, we followed the same procedure as we did in his earlier appeal and remanded the case to the district court for another suppression hearing to permit the state to meet its burden of proof by rebutting specifically defendant's allegations of physical abuse. State v. Simmons, supra.[2]
On remand, the trial judge consolidated the cases for a new suppression hearing and limited the scope of the hearing to defendant's claims of physical abuse. The state adduced testimony from Chief Andrus denying that he had slapped defendant during the trip from DeQuincy to Sulphur or that he had made the statement to defendant that he might not make it to Lake Charles because they were going to stop in Sulphur first. Both Chief Andrus and Deputy Boyd testified that they had not struck defendant during questioning in Sulphur. Seven other officers who participated in the arrest and interrogation of defendant testified that they never saw anyone strike defendant. Testimony offered by defendant was substantially the same as that presented at the original suppression hearing. At the conclusion of the hearing, the trial judge found no evidence to support defendant's allegations of physical abuse. He concluded that the state had borne its burden of proof; it has specifically rebutted defendant's allegations of physical abuse. Hence, he ruled the confession was properly admitted at trial and denied the motion to suppress. On appeal, defendant relies on five assignments of error for reversal of his convictions and sentences.[3]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in refusing to allow testimony by defense witnesses as to past acts of physical abuse by Chief Andrus and Deputy Boyd.
At the commencement of the suppression hearing on remand, defendant requested bench warrants be issued for three witnesses not present in court. Defense counsel informed the court that these and other defense witnesses would testify to past acts of physical abuse by Chief Andrus and Deputy Boyd upon persons other than defendant. *1294 He argued that he wanted to use their testimony to corroborate that of defendant and to impeach the testimony of the officers. He admitted that the witnesses had no knowledge of any physical abuse of defendant by the officers. The trial judge ruled that, if the witnesses were to testify, upon proper objection by the state, he would rule that the testimony was immaterial and irrelevant to the issues before the court.
To be admissible in a criminal proceeding, evidence must be relevant to a material issue. La.R.S. 15:435; State v. Johnson, 343 So.2d 155 (La.1977); State v. Major, 318 So.2d 19 (La.1975). Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and intent. La.R.S. 15:441. The trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. King, 355 So.2d 1305 (La.1978). Clearly, the evidence sought to be introduced by defendant could not be said to be relevant to the material issue at this hearing, that is, whether this defendant was physically abused by Chief Andrus and Deputy Boyd on the date in question. Defendant admitted that none of the witnesses had any knowledge of the incidents defendant complained of. We find no abuse of discretion by the trial judge in finding the testimony sought to be adduced at the hearing was irrelevant to the issue before the court and thus inadmissible.
Each side has the right to impeach the testimony and credibility of every witness sworn on behalf of the other side. La.R.S. 15:486. However, it is not competent to impeach a witness as to collateral facts or irrelevant matter. La.R.S. 15:494; State v. Bennett, 357 So.2d 1136 (La.1978). When the general credibility of a witness is attacked, the inquiry must be limited to general reputation and cannot go into particular acts, vices or courses of conduct, La.R.S. 15:490, 491, State v. Marshall, 359 So.2d 78 (La.1978), State v. Frentz, 354 So.2d 1007 (La.1978), or the witness' credibility may be attacked only insofar as his credibility in the case on trial is concerned, La.R.S. 15:490. While evidence of bias in the special case on trial may be admissible, La.R.S. 15:492, a witness' bias against the opposing party must be direct or personal rather than indirect or general in nature. State v. Lewis, 328 So.2d 75 (La.), cert. denied, 429 U.S. 833, 97 S.Ct. 98, 50 L.Ed.2d 98 (1976). Even jurisdictions which permit character-impeachment by proof of prior acts of misconduct limit that proof to what can be brought out on cross-examination and would not allow the calling of other witnesses to prove the discrediting acts. McCormick, Evidence (Cleary ed. 1972), § 42; 3A Wigmore, Evidence (Chadbourn rev. 1970), § 979. Moreover, the type of prior misconduct which is admissible for the purpose of impeaching the credibility of a witness has been expressly limited by the legislature to evidence of conviction of crime. La.R.S. 15:495.
In the instant case, testimony as to prior acts of physical abuse by Chief Andrus and Deputy Boyd against persons other than defendant clearly concerns facts collateral to the issue of this hearing, and such testimony would not be relevant on the question of whether this defendant was in fact physically abused. Hence, the trial judge did not err in refusing to permit this testimony for the purpose of impeaching the testimony of Chief Andrus and Deputy Boyd.[4]
Assignment of Error No. 1 is without merit.

*1295 ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in limiting testimony at the suppression hearing on remand to the issue of physical abuse.
In separate appeals to this court involving the identical issue of voluntariness of the confession made by defendant, we remanded the cases to the trial court to permit the state to meet its burden of proof by producing additional evidence to rebut specifically the allegations of physical abuse alleged by defendant. Hence, the trial judge properly followed the mandate of this court. Moreover, the only evidence which defendant sought to introduce outside the question of physical abuse involved allegations that the police threatened to charge defendant's wife as an accessory after the fact to armed robbery and to have his child placed in an orphanage if defendant refused to make a statement. This issue was considered by this court in the two previous appeals and we found that defendant's allegations were in direct conflict with the testimony of two officers who stated at the original hearing that defendant was neither threatened nor promised anything as an inducement to make a statement. Hence, this argument was found to lack merit and was properly excluded from consideration at the hearing on remand.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in allowing testimony from state witnesses not present when the alleged physical abuse occurred.
At the suppression hearing on remand, the state introduced the testimony of seven officers (besides that of Chief Andrus and Deputy Boyd) who were involved in the arrest, transport and interrogation of defendant on the day in question. The officers testified that at no time did they witness anyone strike defendant nor had they heard any threats made against him. Defendant contends that this testimony should not have been allowed as not all of these witnesses were present when the alleged acts of physical abuse occurred.
The record indicates that all of the witnesses called were either present at the arrest of defendant, were involved in the transport of defendant when he was allegedly slapped and threatened by Chief Andrus, or were present at the Sulphur jail when defendant was allegedly questioned and physically abused by Chief Andrus and Deputy Boyd. Clearly, the testimony of these officers was relevant to rebut specifically defendant's claims of physical abuse. Hence, the trial judge did not err in allowing the state to introduce this testimony.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in restricting defendant's cross-examination of a witness concerning defendant's state of mind shortly after his arrest.
At the suppression hearing on remand, defendant sought to adduce testimony from state witness Sgt. Harold Cooper as to defendant's state of mind at the time of his arrest in DeQuincy. After Deputy William Morrison had testified that defendant was agitated and crying upon his arrival at the Sulphur jail, defendant asked Sgt. Cooper if he had "realized any particular mental happening concerning the defendant that would possibly cause someone to cry." Upon objection by the state that the question was beyond the scope of the issue of physical abuse, the trial judge disallowed the question.
The ruling of the trial judge was correct as the suppression hearing on remand was limited to specific allegations of physical abuse as mandated by this court. Hence, any testimony as to defendant's mental condition was properly excluded. In any event, the record indicates that defendant was allowed to elicit further testimony from Sgt. Cooper as to whether defendant had cried at the occasions of his previous arrests.
Assignment of Error No. 4 is without merit.

*1296 DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
LEMMON, J., dissents and assigns reasons.
CALOGERO, J., dissents for reasons assigned by LEMMON, J.
LEMMON, Justice, dissenting.
When the officers testified that they had not physically abused this defendant or any other person they had arrested in the past, defendant was entitled to impeach their credibility by introducing testimony by other persons that these officers had arrested and abused them. Such evidence was relevant, not to impeach evidence of the officers' character, but to prove the likelihood of the use of physical abuse in obtaining defendant's confession by showing the same type of conduct toward others arrested by the same officers. Such evidence is subject to reasonable restriction, but total exclusion of this evidence is reversible error, at least when the issue is by a trial to the court alone in a motion to suppress.
NOTES
[1] State v. Stevenson, 374 So.2d 1189 (La.1979).
[2] State v. Stevenson, 377 So.2d 343 (La.1979).
[3] Assignment of Error No. 5 consists of a letter from defendant to his counsel and lists four matters which he wanted raised on appeal. Each of these was covered by counsel in his brief to this court; hence, we need not treat them separately.
[4] In State v. Silsby, 176 La. 727, 146 So. 684 (1933), defendant sought to corroborate his testimony that his confession was involuntary by introducing testimony from other persons arrested for other offenses to the effect that they had been beaten by officers other than those who allegedly mistreated defendant. This court held that evidence that some other police officer is of brutal character is wholly irrelevant for such purpose. In dicta, the court suggested that evidence that the particular police officers who arrested this defendant customarily maltreated their prisoners might be relevant to corroborate defendant's testimony. After considering this language, we cannot agree that such testimony would be relevant under the facts of the instant case wherein none of the defense witnesses could testify as to alleged acts of physical abuse by these officers upon this defendant.