563 So.2d 974 (1990)
STATE of Louisiana
v.
Mark Jacob SCHAUB.
No. KA 89 0956.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
James R. McClelland, Asst. Dist. Atty., Franklin, for appellee.
Don J. Hernandez, Atty., Indigent Defender Bd., Franklin, for appellant.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, Mark Jacob Schaub, was charged by bill of information with operating a motor vehicle while intoxicated, third offense, in violation of LSA-R.S. 14:98. Defendant pled not guilty and filed a motion to quash the bill of information and a motion to suppress the results of a breath analysis test. The trial court heard and denied both motions at a single hearing held on November 9, 1988. Thereafter, defendant withdrew his plea of not guilty and pled guilty as charged, reserving the right to appeal the adverse rulings on the motions. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to imprisonment at hard labor for a term of three years. The sentence was suspended; and defendant was placed on supervised probation, subject to various specified conditions.[1] Defendant has appealed, urging two assignments of error:
1. The trial court erred by denying defendant's motion to suppress the breath analysis test results.
2. The trial court erred in denying defendant's motion to quash the instant charge of third offense DWI because the predicate convictions relied upon by the state did not "meet the requirements of Boykin v. Alabama."
Assignments of error not briefed by a defendant on appeal are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. In brief, defendant merely lists assignment of error number two. No *975 argument is made and no authorities are cited relative to that assignment.[2] Therefore, assignment of error number two is deemed abandoned. See State v. Frelix, 484 So.2d 936, 938 (La.App. 1st Cir.1986).
Factual background of the instant offense is revealed by the factual account given by the prosecutor at defendant's Boykin hearing. On or about July 31, 1988, defendant drove his vehicle into a ditch in the Franklin area. Officers were summoned to investigate the accident. Defendant admitted he had been driving, appeared to be intoxicated and was given a breath analysis test which revealed defendant had a .19 percent blood-alcohol concentration.

ASSIGNMENT OF ERROR NO. ONE:
By means of this assignment, defendant contends that the trial court erred by denying defendant's motion to suppress the breath analysis test results. Defendant argues that the state failed to carry the burden which is required for the state to avail itself of the statutory presumption of intoxication arising from a chemical analysis of one's breath under LSA-R.S. 32:662.
The record reflects that, at the beginning of the November 9, 1988, suppression hearing, defense counsel informed the trial court that defendant was seeking to suppress the test results based upon defendant's allegation that the requisite observation of defendant for at least fifteen minutes prior to administration of the test had not been met.[3] Thereafter, defendant presented his own testimony. The prosecutor presented no evidence on behalf of the state.
In his testimony, defendant related that, following his arrest for D.W.I. in St. Mary Parish on approximately July 31, 1988, he was asked to take a breath analysis test. The test was given at the Franklin Police Department. Defendant testified that he did not take anything by mouth or have anything in his mouth at the time of the test. According to defendant, he vomited "at least" fifteen minutes before the test. He did not tell the police he had vomited and was not sure if the police knew he had vomited.
In order for the state to avail itself of the statutory presumption of a defendant's intoxication arising from a chemical analysis conducted pursuant to LSA-R.S. 32:662, the state must show that it has promulgated detailed procedures which insure the integrity and reliability of the chemical test, including provisions for repair, maintenance, inspection, cleaning, certification, and chemical accuracy. The state must also show that there has been *976 strict compliance with the promulgated regulations. State v. Rowell, 517 So.2d 799, 800 (La.1988). See also LSA-R.S. 32:663. A motion to suppress is available to question the admissibility of chemical test results that can result in the legal presumption of intoxication, and the burden of proving admissibility is on the state. State v. Rowell at 800; State v. Tanner, 457 So.2d 1172, 1174-1175 (La.1984).
In the instant case, the regulations applicable to breath tests in effect on July 31, 1988, are contained in LAC 55:I, Chapter 5, §§ 501-515. See Louisiana Register Vol. 14, number 7 at pps. 441-444. More specifically, in regard to the allegation upon which defendant sought to suppress the test results (i.e., that the requisite observation of defendant had not been met), § 513 of those regulations provides, in pertinent part:
General observation of the subject for a period of not less than 15 minutes prior to testing whereby the subject shall not have ingested alcohol, alcoholic beverages, regurgitated, vomited, or taken anything by mouth.
Herein, there was no evidence introduced at the suppression hearing to show that the breath analysis test administered to defendant was administered in full compliance with the requirements for general observation delineated in § 513. Thus, the state failed to rebut defendant's allegation of noncompliance with those requirements. Accordingly, the ruling of the trial court denying defendant's motion to suppress is in error. Compare State v. Kennedy, 438 So.2d 210, 212 (La.1983). See also State v. Cabanas, 552 So.2d 1040, 1045-1046 (La. App. 1st Cir.1989), writ denied, 556 So.2d 41 (La.1990). Thus, we find appropriate the procedure of remand for a reopened hearing on the motion to suppress. We remand this case for the trial court to receive, at the reopened hearing, evidence relevant to whether or not the breath analysis test administered to defendant was administered in conformity with the pertinent requirements concerning general observation in § 513. If the trial court finds, in light of any new evidence introduced at the reopened hearing and the evidence previously introduced that the breath analysis test results are inadmissible on the basis of defendant's allegation of noncompliance with § 513, the trial court must afford defendant an opportunity to withdraw his guilty plea. Otherwise, we reserve to defendant the right to timely appeal any adverse ruling on the motion to suppress within five days of that ruling. In the absence of such an appeal, the present conditional affirmance of defendant's conviction and sentence becomes absolute. Cf. State v. Kennedy, 438 So.2d at 212; State v. Cabanas, 552 So.2d at 1046.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; REMANDED FOR REOPENED SUPPRESSION HEARING.
NOTES
[1] The specified conditions are: imprisonment for six months in the parish jail, reimbursement of the sum of $350.00 to the Indigent Defender Board, enrollment and completion of a substance abuse and driver improvement program recommended by the court, payment of costs of court, and that defendant report to the probation office within seven days of his release from the parish jail.
[2] Instead, in brief, defendant urged an additional argument under the heading "assignment of error number two" which exceeds the scope of his formally assigned error number two, since it is as to legal requirements not required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant's additional argument alleges that the bill of information should have been quashed because, in regard to each of the predicate guilty pleas relied upon by the state, there was no showing by the state that defendant had been informed of his right to counsel and that he had waived that right upon entering each respective guilty plea. Hence, in accord with the well-established jurisprudence of the Louisiana Supreme Court under the provisions of LSA-C.Cr.P. arts. 844 and 920, this Court will not consider any argument (such as the additional argument set forth above) which is neither assigned as error nor related to error patent on the face of the record. State v. Longo 560 So.2d 530 (La.App. 1st Cir.1990) (89 KA 0821, rendered April 10, 1990). See State v. Spears, 350 So.2d 603, 605 n. 1 (La.1977); State v. Overton, 337 So.2d 1201, 1207 (La.1976).
[3] We note that the specific allegation orally articulated at the suppression hearing occurred during the following exchange:

BY THE COURT: What is it you are seeking to suppress, Mr. Thomas?
BY MR. THOMAS: From what I understand, Your Honor, from his other hearings, at the time of his arrest for DWI he was given a test, a breatholizer (sic) test, and that the time limits for observation were not observed. At least, that's the allegation. (R 75)
In contrast to this specific allegation which defense counsel articulated to the trial court, we note that the ground set forth in the written motion to suppress was general, i.e., that the procedure in LSA-R.S. 32:661 for giving the breath analysis test had not strictly been followed in this case. Accordingly, by orally articulating a specific ground for suppressing the test results, defense counsel limited defendant's written motion to suppress to that specific ground.