GASKINS, J.
hThe defendant, Tyler Culverhouse, entered a Crosby[1] plea to three counts of molestation of a juvenile. He was sentenced to concurrent terms of seven years at hard labor on each count. The court recommended that the defendant be evaluated for the Adult Sex Offender Treatment Program. The defendant now appeals. We affirm.
FACTS
On December 14, 2003, Bossier Parish deputies responding to a battery call from Elm Grove found the defendant covered in blood. He had been hit by a mother who believed he had committed oral sex acts with her young child. Detective Mark Ma-honey interviewed the defendant three days later while he was hospitalized at LSU Medical Center following a suicide attempt; the defendant admitted certain acts in a recorded statement. The defendant was charged with three counts of molestation of a juvenile. A motion to suppress his statement to Detective Maho-ney was filed. Both the detective and the defendant testified at the June 2004 hearing on the motion. The trial court denied the motion in October 2004.
On February 16, 2005, the defendant entered a guilty plea to all three counts with a 15-year sentencing cap. He reserved his right to appeal the trial court’s ruling on the motion to suppress. On July 5, 2005, the defendant was sentenced to seven years at hard labor on each count, to be served concurrently.
The defendant appealed. He argues that the trial court erred in failing to suppress his statement to the police.
JgMOTION TO SUPPRESS
The defense argues that the trial court erred in denying the motion to suppress the statement since the state failed to prove it was given freely and voluntarily. He argues that the defendant’s “health and mental state rendered him incapable of understanding his rights” and that he was coerced into giving his statement by being told it “would be to his benefit and that he would receive a lesser sentence.”
The state asserts that the detective’s testimony shows that the defendant’s rights were explained to him prior to the taking of the statement and that the defendant did not appear to be “mentally deficient.” The state also argues that on cross-examination the defendant admitted he was “alert and oriented and had clear and normal speech” when he gave his statement.

Law

La. C. Cr. P. art. 703 provides, in pertinent part:
A. A defendant adversely affected may move to suppress any evidence from use ■ at the trial on the merits on the ground that it was unconstitutionally obtained.
B. A defendant may move on any constitutional ground to suppress a confes *769 sion or statement of any nature made by the defendant.
C. A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.
D. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.
laE. (1) An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. The state may file an answer to the motion. The defendant may testify in support of a motion to suppress without being subject to examination on other matters. The defendant’s testimony cannot be used by the state except for the purpose of attacking the credibility of the defendant’s testimony at the trial on the merits.
At a hearing on a motion to suppress a confession, the state bears the burden of proving beyond a reasonable doubt the free and voluntary nature of the confession. State v. Hills, 354 So.2d 186 (La.1977); State v. Roddy, 33,112 (La. App.2d Cir.4/7/00), 756 So.2d 1272, writ denied, 2000-1427 (La.5/11/01), 791 So.2d 1288.
The admissibility of a confession is a question for the trial judge, whose conclusions on the credibility and weight of testimony relating to the voluntariness of the statement should not be overturned on appeal unless they are not supported by the evidence. State v. Richardson, 33,272 (La.App.2d Cir.11/1/00), 779 So.2d 771, writ denied, 2000-3295 (La.10/26/01), 799 So.2d 1151. Great weight is placed upon the trial court’s factual determinations because of that court’s opportunity to observe witnesses and assess credibility. State v. Roddy, supra.
Before the state can introduce an inculpatory statement made in police custody, it bears the heavy burden of establishing that the defendant received a Miranda warning and that the statement was freely and voluntarily made, and not the product of promises, threats or duress. See State v. Johnson, 36,014 (La.App.2d Cir.6/12/02), 821 So.2d 652.

_[¿Discussion

The record shows that the defendant’s recorded statement was taken on December 17, 2003, while he was hospitalized. His trial counsel filed a motion to suppress the statement on “one or more of the following grounds” of violating his rights, involuntary waiver of his rights and failure to be provided counsel.
At the hearing on the motion to suppress, the state called Detective Mahoney as a witness. He testified that the defendant “was talking fine and making good sense” and there was no indication that his “mental faculties were off.” The detective stated that he advised the defendant of his rights and that the defendant signed the waiver of rights form that was placed into evidence. The state also introduced into evidence a portion of the taped statement and the defense successfully requested *770 that the remainder of the statement be admitted into evidence.
Defense counsel called the defendant as a witness. On cross-examination, he admitted that he had signed the waiver of rights form and that he was alert and oriented. He also agreed that his “thought processes were organized” and that he was not having hallucinations or delusions. The defendant stated that the detective told him it would be “easier” if he confessed and that he was aware that the “whole thing was taped.”
The trial court allowed an uncertified copy of the defendant’s discharge summary to be placed into evidence for the purpose of comparing it to a certified copy if the trial counsel presented the certified copy within [¡Jive days. The record does not show that the certified copy was ever submitted to the court.
The trial judge took the matter under advisement in order to have an opportunity to listen to the entire taped interview. As the trial judge noted when he denied the motion in open court on October 20, 2004, the quality of the recording makes it difficult to understand parts of the conversation and, although the tape may not be usable at a jury trial, the detective’s testimony regarding what the defendant told him would be admissible.
The trial judge found that the defendant was given the “proper warning” before giving his statement and that the statement was free and voluntary. He specifically noted that the fact that the defendant was hospitalized and possibly taking medications did not make the statement inadmissible.
The trial court’s finding should not be disturbed. A review of the tape shows that the defendant was advised of and waived his rights and gave detailed and coherent answers during his session with the detective. Further, at the hearing to suppress the statement, the defendant was asked on direct examination to describe in his own words how he felt during the taking of his statement. His response was “I was pretty much- — -I was scared, but— because I didn’t know if they were going to take me to jail or not. And then I was also in a depressed and sad state.” The defendant also recalled that he had denied the allegations against him and that the detective had told him he might get a reduced sentence and some counseling.
1 fiThere is nothing in this record to indicate that the defendant was not aware of what was happening to him on the day he gave his statement or that he did not voluntarily speak to the detective after having been advised of his rights.
In State v. Johnson, supra, the trial court refused to suppress a statement given by a defendant who was questioned in the hospital after being shot by his armed robbery victim. This court affirmed, saying:
Moreover, the officers’ testimony supports the court’s conclusion that Johnson’s statement was otherwise freely and voluntarily given. Obviously, the court chose to accept the officers’ testimony that Johnson was coherent and not impaired by medication to the point he was unable to freely and voluntarily give a statement. The trial court’s conclusion on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless not supported by the evidence.
This assignment of error lacks merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. State v. Crosby, 338 So.2d 584 (La.1976).